IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROBERT WARNOCK,

     Plaintiff,

        v.

WELLS FARGO CLEARING
SERVICES, LLC,

     Defendant.

CIVIL ACTION FILE
NO. 1:24-CV-488-TWT

## OPINION AND ORDER

     This is a purported whistleblower action. It is before the Court on the Defendant's Motion to Compel Arbitration and Dismiss [Doc. 11]. For the reasons set forth below, the Defendant's Motion to Compel Arbitration and Dismiss [Doc. 11] is GRANTED in part and DENIED in part.

### I.  Background[1]

     This case arises from the Plaintiff Robert Warnock's employment as a financial advisor with the Defendant Wells Fargo Clearing Services, LLC. At the beginning of his employment with the Defendant in 2007, the Plaintiff registered with the Financial Industry Regulatory Authority (FINRA) by executing a Form U4—a document entitled "Uniform Application for Securities

---

[1] On a Motion to Compel Arbitration, the Court employs a summary-judgment-like standard and therefore may "consider evidence outside of the pleadings." *Chambers v. Groome Transp. of Ala.*, 41 F. Supp. 3d 1327, 1334 (M.D. Ala. 2014) (citing *In re Checking Acct. Overdraft Litig.*, 754 F.3d 1290, 1294 (11th Cir. 2014)).

Industry Registration or Transfer." (Ivey Decl. ¶¶ 3–4, Doc. 11-2, Ex. 1). And twice subsequently during the Plaintiff's employment with the Defendant, he signed a document entitled "Wells Fargo Agreement Regarding Trade Secrets, Confidential Information, Non-Solicitation, and Assignment of Inventions." (Lucas Decl. ¶¶ 4, 6, (Doc. 11-3), Exs. 1, 2). Both the Form U4 and the Wells Fargo Agreements included provisions agreeing to arbitrate disputes between the parties. (Doc. 11-2, at 18; Doc. 11-3, at 8, 13).

In 2016, the Plaintiff signed a Promissory Note under which the Defendant loaned him $833,348, repayable at 2.33% interest over 120 months. (Doc. 1-1, at 44–45). The Note contained an acceleration clause in the event of a default, which included the termination of the Plaintiff's employment for any reason. (*Id.* ¶¶ 1–2). The Note also provided that in the event of a default, the remaining balance on the loan would be due at an interest rate three percent higher than the original interest rate. (*Id.* ¶ 2). Finally, the Note included a provision requiring arbitration of "any controversy arising out of or in connection with the validity, enforcement or construction" of the Note or "any disputes concerning [the Plaintiff's] employment or termination of employment" with the Defendant. (*Id.* ¶ 5). The same provision also stated that "any controversy relating to [the Plaintiff's] duty to arbitrate hereunder, or to the validity or enforceability of this arbitration clause, or to any defense to arbitration, shall also be arbitrated before FINRA." (*Id.* ¶ 5).

The Plaintiff voluntarily resigned from his employment with the Defendant on April 29, 2022. (Doc. 1-1, at 11, 38). That same day, the Defendant sent him a letter demanding payment of the balance on the Promissory Note and informed him that it would initiate proceedings to secure payment if the matter was not resolved. (*Id.* at 51–52). Ultimately, the Defendant initiated arbitration proceedings against the Plaintiff to recover the unpaid balance on August 3, 2023. (*Id.* at 38–64). On December 18, 2023, the Plaintiff filed both his answer in the arbitration proceedings and the present action in Gwinnett County Superior Court. The Defendant thereafter removed the state court action to this Court on February 1, 2024. The operative Amended Complaint includes claims for whistleblower retaliation, relief under 42 U.S.C. § 1983, fraud in the factum, attorneys' fees, and punitive damages. The Defendant now moves to compel arbitration under the Promissory Note, the Form U4, and the Wells Fargo Agreements.

## II.   Legal Standard

The Federal Arbitration Act ("FAA") "embodies a liberal federal policy favoring arbitration agreements." *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005) (quotation marks omitted). Section 2 of the Act provides in relevant part:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as

exist at law or in equity for the revocation of any contract . . . .

9 U.S.C. § 2. On a motion to compel arbitration, a court undertakes a two-step inquiry to determine (1) whether the parties agreed to arbitrate the dispute in question and, if they did, (2) whether legal constraints external to their agreement foreclose arbitration. *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 628 (1985). Courts apply state contract law to questions regarding the validity, revocability, and enforceability of arbitration agreements. *Caley*, 428 F.3d at 1368. An arbitration clause may be unenforceable for the same reasons as any other contract, such as fraud or unconscionability. *Mitsubishi*, 473 U.S. at 627. Or there may be statutory barriers to arbitration, such as a congressional intention to adjudicate certain substantive rights solely in a judicial forum. *Id.* at 628. When an arbitration agreement clears both prongs of the FAA test, a court must either stay or dismiss the lawsuit and compel arbitration. *Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008).

## III.   Discussion

The Defendant moves to compel arbitration and dismiss this case in its entirety or, in the alternative, to stay the action pending arbitration. (Br. in Supp. of Def.'s Mot. to Compel, at 1–3). Absent an order compelling arbitration, the Defendant also moves to dismiss Counts One, Two, and Five (as to the § 1983 claim) of the Plaintiff's Amended Complaint for failure to state a claim.

4

(*Id.* at 3).

The Court finds that the Promissory Note's delegation clause requires arbitration of any threshold issues of arbitrability of the Plaintiff's claims here. (*See* Doc. 1-1, at 45 ("Unless otherwise provided by law, any controversy relating to [the Plaintiff's] duty to arbitrate hereunder, or to the validity or enforceability of this arbitration clause, or to any defense to arbitration, shall also be arbitrated before FINRA.")). The Plaintiff references arbitrability in the FINRA context several times in his response brief and disputes the enforceability of the Promissory Note and its arbitration provision, but he never argues that the Promissory Note's delegation clause is invalid or unenforceable. (Pl.'s Resp. Br. in Opp'n to Def.'s Mot. to Compel, at 3, 6, 9–10). And because the Plaintiff makes no such challenge, the Court "must enforce the delegation agreement and send any challenges to the validity or enforceability of the primary arbitration agreement to the arbitrator." *Attix v. Carrington Mortg. Servs., LLC*, 35 F.4th 1284, 1304 (11th Cir. 2022) (citation omitted).

Accordingly, the threshold issue of arbitrability should be decided by the arbitrator in this case, and the Court orders the Plaintiff to submit his claims to arbitration or they will be deemed to be abandoned. Pursuant to 9 U.S.C. § 3, the Court stays the case pending arbitration, and the Defendant's Motion to Dismiss for failure to state a claim should be denied without prejudice as

moot.

### IV.   Conclusion

For the foregoing reasons, the Defendant's Motion to Compel Arbitration and Dismiss [Doc. 11] is GRANTED in part and DENIED in part. It is GRANTED as to the Defendant's Motion to Compel Arbitration, and it is DENIED as to the Defendant's Motion to Dismiss. This matter is hereby STAYED until further order of the Court. The Clerk is DIRECTED to close this case administratively.

SO ORDERED, this ___24th___ day of July, 2024.

THOMAS W. THRASH, JR.
United States District Judge

6